STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

John Robert SEELYE, Respondent.

S.C.B.D. No. 2266.

Supreme Court of Oklahoma.

Oct. 26, 1971.

Paul Vassar, Oklahoma City, for complainant.

Irvine E. Ungerman, Tulsa, for respondent.

DAVISON, Vice Chief Justice.

The report of the Board of Governors of the Oklahoma Bar Association shows that on or about Feburary 26, 1971, the respondent received a judgment and sentence, on conviction of a felony involving moral turpitude, to wit: assault and battery with a dangerous weapon. The sentence was rendered by the District Court in and for Tulsa County, Oklahoma, in No. CRF–70–1758 and was for a period of five (5) years in the State penitentiary.

That thereafter the Board of Governors, pursuant to Article IX, Section 11 of the Rules creating and controlling the regulations of the Oklahoma Bar Association, directed said respondent to appear before the Board of Governors on March 19, 1971, at 1:30 P.M. at the Oklahoma Bar Center, 1901 North Lincoln Boulevard, Oklahoma City, Oklahoma; that said notice to appear was given by the Board of Governors of the Oklahoma Bar Association, not less than ten (10) days after receipt of the certified copy of the certified copy of the record of conviction above referred to.

That in said notice the respondent was directed to show cause, if any he had, why said record of conviction should not be transmitted to this court with a recommendation that if said conviction is a final judgment on conviction, that respondent be disciplined. Respondent did not appear nor respond to such notice.

Thereafter, on April 2, 1971, by order of this court, the respondent was suspended from the practice of law in this State, pending the outcome of an appeal of said judgment and sentence by the Court of Criminal Appeals of the State of Oklahoma.

That on or about August 31, 1971, the Court of Criminal Appeals overruled the respondent's motion for a new trial and issued its mandate, sustaining said judgment and sentence.

That on the 20th day of September, 1971, the Board of Governors of the Oklahoma Bar Association filed its written recommendation in this court praying that the respondent be disbarred. On the same date said recommendation was mailed to Irvine E. Ungerman, attorney for respondent, 625 Wright Building, Tulsa, Oklahoma, and to the respondent, c/o Oklahoma State Penitentiary, McAlester, Oklahoma, where respondent was incarcerated. No response has been filed by either party.

Article IX § 11, of the rules (1966) creating, controlling and regulating the Oklahoma Bar Association, provides, in part, as follows:

"Upon receipt of a certified copy of the record of conviction of a member of the Association of a felony involving moral turpitude, * * * if said conviction is not a final conviction of record, why said member should not be suspended until said judgment of conviction has become final and thereafter disciplined * * *"

The Board of Governors has complied with all directions set forth in the above Article IX, § 11, so that due process has been completed.

We are of the opinion that the recommendation of the Board of Governors should be and is hereby approved.

It is the order of this court that respondent, John Robert Seelye, be disbarred.

It is further ordered that notice of such disbarment be given by the Clerk of this Court to the various parties, boards and agencies, a provided for in Article VII, Part 1, Section 20(f).

All the Justices concur.