STATE of Oklahoma ex rel. OKLAHOMA
BAR ASSOCIATION, Complainant,

v.

Walter Edmund KEEN, Respondent.

No. 2492.

Supreme Court of Oklahoma.

July 20, 1976.

John M. Amick, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Kainor Carson, Tulsa, for respondent.

SIMMS, Justice:

Respondent attorney was convicted of the felonious crime of Knowingly Concealing Stolen Property in the District Court of Tulsa County, Oklahoma, and sentenced to a term of one year in the county jail and a fine of $500.00 in accordance with a jury verdict.

No appeal was perfected from the judgment and sentence, and the conviction has become final. In fact, the sentence has been executed.

Pursuant to the Rules Governing the Oklahoma Bar Association, the Association filed with this Court a copy of the Information, and a certified copy of the Judgment of Conviction, and gave Notice to Respondent to appear and Show Cause, if any he had, why he should not be disciplined. See: 5 O.S.1971, Ch. 1–App. 1, Art. 10, Sec. 4(b) and (c).

At the Show Cause Hearing before this Court, Respondent personally appeared with counsel, and stipulated that the conviction had become final; that the offense involved "moral turpitude"; acknowledged that he was subject to disciplinary proceedings; and informed the Court that following the conviction by jury, he had voluntarily suspended himself from the practice of law.

Respondent further waived any claim of right under 5 O.S., Ch. 1–App. 1, Art. 10, Sec. 4(d) to submit a certified copy of the transcript taken in the trial tribunal. Respondent did not offer any evidence in mitigation, other than to maintain his innocence of the charge.

The record clearly shows that both procedural and substantive due process requirements have been met.

Complainant and Respondent both waived the filing of briefs, therefore, the only issue before this Court is the nature of discipline to be imposed upon Respondent.

In *State of Oklahoma ex rel. Oklahoma Bar Association* v. *Seeyle,* Okl., 490 P.2d 1095, it was held that:

"This Court will order a member of the Oklahoma Bar Association disbarred where such member has been convicted of a felony involving moral turpitude and the judgment of conviction has been affirmed on final appeal."

There is no question as to the finality of the conviction in the instant case. No issue having been raised as to the conviction involving a crime of "moral turpitude";

and no evidence in mitigation having been offered; it is the Order of this Court that Respondent, Walter Edmund Keen, BE DISBARRED.

Notice of the decision herein arrived at shall be given by the Chief Justice to the Respondent and the Oklahoma Bar Association in accordance with 5 O.S.1971, Ch. 1–App. 1, Art. 10, Sec. 16(c).

RESPONDENT DISBARRED.

DAVISON, LAVENDER, BARNES and DOOLIN, JJ., concur.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN and BERRY, JJ., concur in results.