**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Gary Bryant HOBBS, Respondent.**

**SCBD No. 3841.**

Supreme Court of Oklahoma.

Feb. 1, 1993.

### ORDER

Upon Complaint of the above-named complainant herein, and after careful review of the materials filed of record, the Court FINDS as follows:

(1) Respondent is an attorney at law, duly licensed and admitted to the practice of law in the State of Oklahoma, OBA No. 4245, whose official address is listed as: 4612 S. Harvard Avenue, Suite 130, Tulsa, Oklahoma 74135.

(2) Respondent pleaded guilty to eighteen felony counts in the United States District Court for the Northern District of Oklahoma, to wit: Ten (10) counts of Bank Fraud and Causing Criminal Act, in violation of 18 U.S.C. § 1344; one (1) count of Embezzlement of Public Money and Causing Criminal Act, in violation of 18 U.S.C. § 641; and Seven (7) counts of Money Laundering and Causing Criminal Act, in violation of 18 U.S.C. § 1957. Upon such plea of guilty, judgment and sentence was entered by the court, which sentenced respondent to imprisonment for a term of 90 (ninety) months, and to a further term of 3 (three) years supervised release upon completion of that term of imprisonment. Respondent was ordered to make restitution in the amount of $10,298,590.00 (ten million, two hundred and ninety-eight thousand, five hundred and ninety dollars). The judgment and sentence was not appealed and has become final.

(3) Upon notification of the aforesaid criminal conviction, this Court proceeded under the provisions of Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S. 1981, Ch. 1, App. 1–A. Respondent was suspended from the practice of law on September 8, 1992, pursuant to Rule 7.3. Respondent was afforded the opportunity to show cause why a final order of discipline should not be entered, but he has failed to so respond.

(4) Rule 7.2, Rules Governing Disciplinary Proceedings provides that certified copies of the indictment or information and judgment and sentence of conviction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based, and shall suffice as the basis for discipline in accordance with the rules.

(5) Conviction of the aforesaid felonies demonstrates that Respondent has acted contrary to the prescribed standards of conduct and his acts have brought discredit upon the legal profession and demonstrate his unfitness to practice law, and therefore constitute grounds for disciplinary action.

IT IS THEREFORE ORDERED BY THE COURT that the Respondent, Gary Bryant Hobbs, is disbarred from the practice of law in Oklahoma and that his name is stricken from the roll of attorneys.

All Justices concur.