**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**F. Dale CRABTREE, Respondent.**

**SCBD No. 3869.**

Supreme Court of Oklahoma.

Feb. 9, 1993.

Dan Murdock, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

F. Dale Crabtree, pro se.

OPINION

ALMA WILSON, Justice:

On November 16, 1992, pursuant to Rule 7.3 [1] of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, this Court suspended the respondent from the practice of law, and ordered that he show cause why this Order of Interim Suspension should be set aside. The respondent filed his response. The issue is

1. Rule 7.3 provides: "Upon receipt of the certified copies of such indictment or information and the judgment and sentence, the Supreme Court shall by order immediately suspend the lawyer from the practice of law until further order of the Court. In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside. Upon good cause shown, the Court may set aside its order of suspension when it appears to be in the interest of justice to do so, due regard being had to maintaining the integrity of and confidence in the profession."

whether the Interim Suspension should be continued during the pendency of the respondent's appeal of his criminal convictions.

This bar matter comes to this Court pursuant to Rule 7.2,[2] Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. The rule requires the General Counsel of the Bar Association to transmit to this Court certified copies of an indictment and of a judgment and sentence in a criminal case involving a lawyer. Such documents were received from the General Counsel concerning the respondent. The respondent was convicted on four of the fourteen counts in the indictment and sentenced to sixty-five months in prison. The judgment reveals that the respondent was convicted of counts, 8 and 9, "Bankruptcy fraud; aid & abet;"[3] count 12, "Bankruptcy fraud;"[4] and count 14, "Money laundering."[5] A copy of a Notice of Intent to Appeal was provided to this Court in which the respondent has stated his intent to appeal the judgment and sentence of September 24, 1992.

■ In response to the order of interim suspension, the respondent lists the inequi-

**2.** Rule 7.2 provides: "The clerk of any court within this state in which a lawyer is convicted shall transmit certified copies of the indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents may also be furnished to the Chief Justice by the General Counsel. Such documents, whether from this jurisdiction or any other jurisdiction, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."

**3.** Count 8 provides: "From on or about December 23, 1987, and continuously thereafter until the present, in the Western District of Oklahoma and elsewhere, _____ F. DALE CRABTREE, and RALPH J. CUBBLER III, _____ the defendants herein did knowingly, fraudulently and willfully conceal and cause to be concealed from the Trustee in Bankruptcy and creditors of the debtor estate in the proceedings entitled *In re: The Orchard Company,* Case No. 87–9114–TS in the United States Bankruptcy Court for the Western District of Oklahoma, property belonging to the estate of The Orchard Company, to-wit: $100,000.00.

"All in violation of Title 18, United States Code, Sections 152 and 2."

Count 9 provides: "From on or about April 11, 1988, and continuously thereafter until the present, in the Western District of Oklahoma and elsewhere, _____ F. DALE CRABTREE, and RALPH J. CUBBLER III, _____ the defendants herein knowingly, fraudulently and willfully concealed and caused to be concealed from the Trustee in Bankruptcy and creditors of the debtor estates in the proceedings entitled *In re: F. Dale Crabtree,* Case No. 87–9110–TS and *In re: The Orchard Company,* Case No. 87–9114–TS in the United States Bankruptcy Court for the Western District of Oklahoma, a check dated March 28, 1988, from Providence Gas Company in the amount of $2,233.61, which was property belonging to the estates of defendant CRABTREE and The Orchard Company,

"All in violation of Title 18, United States Code, Sections 152 and 2."

**4.** Count 12 provides: "On or about June 24, 1988, in the Western District of Oklahoma, _____ F. Dale Crabtree, _____ the defendant herein, did knowingly and fraudulently make a false oath under penalty of perjury within the meaning of Title 28, United States Code, Section 1746, in or in relation to *In re: F. Dale Crabtree,* Case No. 87–9110–TS, United States Bankruptcy Court for the Western District of Oklahoma, in that an affidavit filed in that proceeding was subscribed and sworn to by defendant CRABTREE falsely stated that Richard Dulaney loaned the sums of $50,000.00 and $25,000.00 to defendant CUBBLER, when in truth and in fact, as defendant CRABTREE well knew, those sums were loaned to defendant CRABTREE.

"All in violation of Title 18, United States Code, Section 152."

**5.** Count 14 provides: "Between on or about December 22, 1987, and on or about December 28, 1987, in the Western District of Oklahoma, _____ F. DALE CRABTREE, and RALPH J. CUBBLER III, _____ the defendants herein, did knowingly and willfully conduct, attempt to conduct and cause to be conducted a financial transaction affecting interstate and foreign commerce, to wit: a wire transaction of $50,000.00 less $1.50 wire transfer fee from account number 138456832, Bank of Boston, New Bedford, Massachusetts, to account number 001068–2741 City National Bank and Trust Company, Norman, Oklahoma, which involved the proceeds of a specified unlawful activity, that is bankruptcy fraud, 18 U.S.C. § 152, with the intent to promote the carrying out of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $50,000.00, represented the proceeds of some form of unlawful activity.

"All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2."

ties he alleges that led to his indictment and conviction. His allegations include bias by the Oklahoma district court in rendering and enforcing the original judgment which precipitated the bankruptcy filing, and preferential treatment given to the judgment creditor by the Trustee in Bankruptcy who attempted to claim for herself as attorney fees and expenses 37.4 percent of a multimillion dollar bankruptcy estate. He asserts that his first criminal trial resulted in acquittal of all charges except five, where the jury voted 11–1 for acquittal. He maintains that when he was retried the federal trial court excluded much of the evidence that had convinced eleven members of the first jury to acquit, and that as a result of the wrongful exclusion of evidence, he was convicted on four charges.

The response of the respondent does not provide a legal reason for this Court to set aside its order of suspension. Rule 7.2 of the Rules Governing Disciplinary Proceedings provide that the judgment and sentence of conviction is conclusive evidence of the commission of the crime upon which the judgment and sentence is based. No further evidence is necessary. *State of Oklahoma, ex rel. Oklahoma Bar Ass'n v. Armstrong*, 791 P.2d 815, 819 (Okla.1990).

We must accept the judgment and sentence of conviction in this matter as conclusive evidence that the respondent committed bankruptcy fraud, aided and abetted in such fraud, and was guilty of money laundering. If the Respondent has correctly claimed that evidence from the criminal trial was improperly excluded and that such evidence would change the result, then the issue must be resolved by the federal appellate courts. This Court will not review the procedure nor merits of a criminal conviction in a disciplinary proceeding.

Likewise, if the respondent received biased treatment in his Oklahoma district court trial, an appeal of that trial is the proper remedy. Certainly mistreatment by an Oklahoma district court and by the federal bankruptcy courts still does not justify or mitigate fraudulent activity because the commission of fraud reflects upon a lawyer's fitness to practice law.

■ Although conviction of some crimes requires further evidence to establish a lawyer's unfitness to practice law, other crimes will demonstrate such unfitness by the fact of the conviction.[6] Fraud is one such crime. Rule 8.4 of the Rules of Professional Conduct provides:

> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>
> (d) engage in conduct that is prejudicial to the administration of justice....

Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A. The comment to this section states: "Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud...." Because the respondent was convicted of fraud by the federal court, this Court must accept the conviction as conclusive proof of the respondent's commission of fraud. The respondent has given no legal argument why this Court should reach any other conclusion.

Accordingly, the interim suspension shall remain in effect until the appeal of the criminal conviction is resolved, at which time final disposition of this matter will be made.[7]

---

6. *State of Oklahoma, ex rel. Oklahoma Bar Ass'n v. Armstrong*, 791 P.2d 815, 818 (Okla.1990).

7. Rule 7.5 of the Rules Governing Disciplinary Proceedings provides: "If an appeal is perfected from the judgment of conviction and such judgment is reversed, the disciplinary proceedings based upon such conviction shall be dismissed immediately. If the judgment of conviction is affirmed on appeal, or the judgment is affirmed as modified and the lawyer remains convicted of a crime which demonstrates a lawyer's unfitness to practice law, the same procedure for

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, J., not participating.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Edward L. Munson, pro se.

making final disposition of the matter shall ap-

ply as provided in Rule 7.4."