In the Matter of REINSTATEMENT OF Kenneth E. BRADLEY to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

SCBD 3881.

Supreme Court of Oklahoma.

Sept. 14, 1993.

Rehearing Denied Jan. 24, 1995.

Kenneth E. Bradley, pro se.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for Oklahoma Bar Ass'n.

## OPINION

WATT, Justice

On November 25, 1987, Kenneth E. Bradley was disbarred and his name stricken from the roll of attorneys of the Oklahoma Bar Association. *State ex rel. Oklahoma Bar Ass'n v. Bradley,* 746 P.2d 1130 (Okla.1987). Bradley petitioned this Court for reinstatement on December 29, 1992. Following a hearing, a trial panel of the Professional Responsibility Tribunal unanimously recommended that Bradley's petition be denied. After de novo review, we deny Bradley's petition for reinstatement.

In reinstatement proceedings, this Court does not sit in review of the trial panel's recommendations. Rather, we sit in exercise of our exclusive original jurisdiction

in matters involving the licensing of attorneys. *Matter of Reinstatement of Kamins,* 752 P.2d 1125, 1129 (Okla.1988). Our determinations in disciplinary matters are made de novo. No presumption of correctness attaches to the findings or conclusions of the panel, and neither findings of fact of the panel nor its view of the weight of the evidence or credibility of the witnesses is binding on this Court. *State ex rel. Oklahoma Bar Ass'n v. Miskovsky, III,* 824 P.2d 1090, 1093 (Okla.1991).

■ The burden of proof in reinstatement proceedings is on the applicant and has been characterized as "a heavy one." *Matter of Reinstatement of Kamins,* 752 P.2d at 1129. Rule 11.4 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, sets forth the standard of proof for reinstatement proceedings:

> An applicant for reinstatement must establish affirmatively that, if readmitted ..., the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded. If applicable, restitution, or the lack thereof, by the applicant to an injured party will be taken into consideration by the Trial Panel on an application for reinstatement. Further, if applicable, the Trial Panel shall satisfy itself

that the applicant complied with Rule 9.1 of these Rules.[1]

Disciplinary Proceeding Rule 11.5 requires the trial panel to make the following findings of fact: (a) whether the applicant possesses the good moral character entitling him to be admitted to the Bar, (b) whether he has engaged in any unauthorized practice of law during the period of disbarment, and (c) whether he possesses the competency and learning in the law necessary for admission. In examining the evidence, this Court considers the following factors: (1) the present moral fitness of the applicant, (2) the applicant's demonstrated consciousness of the wrongful conduct and disrepute such conduct has brought on the profession, (3) the extent of the applicant's rehabilitation, (4) the seriousness of the original misconduct, (5) the applicant's conduct subsequent to the discipline, (6) the time which has elapsed since the original discipline, (7) the character, maturity and experience of the applicant at the time of discipline, and (8) the applicant's present competence in legal skills. *Matter of Clifton,* 787 P.2d 862, 863 (Okla.1990). With these directives in mind, we now examine the evidence adduced in the present proceeding.

The OBA's original three-count complaint arose from the applicant's actions surrounding a trust agreement, a personal injury suit and a workers' compensation action. Regarding Count I, this Court found that the applicant willfully breached his fiduciary duty as trustee of the four trusts set up by the trust agreement. The trusts contained an aggregate total of $60,000.00 plus interest. The evidence established that the applicant failed and refused to provide annual status reports, as required under the agreement, to the mother of the four minor children for whom the trusts had been established. Regarding Counts II and III, this Court found the applicant guilty of converting client funds.

---

1. Rule 9.1 generally states that any lawyer who has been disbarred must notify all clients of his inability to represent them further and withdraw as counsel in all cases in any tribunal. The Rule further provides:

    The lawyer must file, within twenty (20) days, an affidavit with the [Professional Responsibility] Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

At the time of his disbarment, the applicant had been practicing law in this state for approximately twenty four years. The record indicates that the applicant had been a creative advocate who often represented clients in unpopular cases. There is also evidence that, prior to his disbarment, the applicant repaid the funds which were the subject of Counts II and III of the OBA's original complaint. However, it is undisputed that the applicant misappropriated the funds of the trust that was the subject of Count I, and that he has never made any attempt to repay those funds.

Initially, the applicant claims in his brief that no misappropriation of the trust funds occurred and that such an allegation cannot serve as a basis for refusing his application for reinstatement. He also contends that there has never been any allegation of wrongful misuse of the trust funds and boldly proclaims that there has been "certainly no proof thereof." The record clearly refutes these arguments. During reinstatement proceedings, the applicant admitted *for the first time* that he converted the trust funds by giving some of the money to an associate and using the remaining money for himself. He admitted that he lied during his disciplinary proceeding regarding the safekeeping of the trust funds and the evidence indicates that he never provided the OBA with an accounting of the trust funds. As the OBA correctly argues, these facts made it impossible to allege, let alone prove, conversion of the funds at the time of the applicant's disciplinary proceeding.

■ The applicant has made no effort to contact or repay the children whose funds he converted. Although the applicant admits that he has a "moral obligation" to restore the funds, he contends his inaction regarding repayment is due solely to a lack of demand by the children. We deem this excuse insufficient. Few breaches of ethics are as serious as the unwarranted use of a client's money. *State ex rel. Oklahoma Bar Ass'n v. Raskin,* 642 P.2d 262, 267 (Okla.1982). The applicant admitted that he misappropriated the trust funds. Although we acknowledge that the applicant has had limited employment since his disbarment, the lack of any attempt at restitution is certainly germane to this proceeding. *See* Disciplinary Proceeding Rule 11.4.

■ The applicant also admits that he has failed to file income tax returns since 1984, despite acknowledging that there may be some liability for taxes and for filing during that period. The record is insufficient to determine whether the applicant does in fact have such obligations. With such important information left unresolved, we believe that the applicant has not met his burden of showing that he is presently fit for reinstatement.

The trial panel found that the applicant proved by clear and convincing evidence that he has not engaged in any unauthorized practice of law during the period of his disbarment. The evidence supports this finding. As the trial panel noted, the evidence demonstrates that the applicant was careful to avoid practicing law.

We now examine whether the applicant possesses the competency and learning in the law required for admission to practice law. The applicant testified that he actively read the *Oklahoma Bar Journal* for the first two years of his disbarment. Since that time, he claims to have occasionally read the *Oklahoma Bar Journal* and visited the law library, and to have viewed several law-related television programs. We find such evidence insufficient to demonstrate that the applicant currently possesses competent legal skills.

Finally, the record reveals that the applicant never complied with Disciplinary Proceeding Rule 9.1. We recognize that the applicant was incarcerated at the time of his disbarment and likely could not have notified his clients *within twenty days* of his inability to represent them further. The applicant claims to have notified all of his clients of his inability to practice law within a few months after his release from jail. However, the applicant never attempted to comply with Rule 9.1's mandate that he file an affidavit with the Commission and with the Clerk of this Court stating that he complied—or at least attempted to comply—with this Rule, nor did he forward a list of the clients so notified and a list of the courts and agencies

before which he was admitted to practice. The applicant has failed to show proof of substantial compliance with this Rule, which is a condition precedent to reinstatement.

On the basis of the foregoing, we find that the applicant has not met his burden of proving by clear and convincing evidence that his future conduct will conform to the high standards required of a member of the Bar. Considering the severity of the original offenses, the applicant's failure to make, or attempt to make, restitution to the beneficiaries of the trust, his de minimis attempts to remain current in the law, his failure to comply with Rule 9.1, and the uncertainty of the applicant's tax obligations, we conclude that the applicant has failed to present stronger proof of qualifications than one seeking admission to the Bar for the first time. The evidence is insufficient to overcome this Court's previous order of disbarment.

It is therefore the order of this Court that the applicant's petition for reinstatement be DENIED. It is further ordered that the applicant pay the costs associated with these proceedings in the amount of $1,730.83 within 90 days of the date this opinion becomes final.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., disqualified.