STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Gene P. DENNISON, Respondent.

SCBD No. 3817.
OBAD No. 1054.

Supreme Court of Oklahoma.

March 29, 1994.

As Corrected April 7, 1994.

Simms, J., issued dissenting statement in which Hodges, C.J., Opala and Watt, JJ., joined.

**ORDER**

On May 27, 1993, the complainant, Oklahoma Bar Association (Bar Association), filed a motion to impose final discipline upon the respondent Gene P. Dennison (Dennison/attorney). A hearing was held before the trial panel (panel) on November 12, 1993. Upon a *de novo* review of transcript of the proceedings before the panel, the panel's report and recommendation, and the briefs of the parties, THE COURT FINDS THAT:

1. On May 19, 1992, the Court issued an order of interim suspension after receiving a copy of the respondent's, Gene P. Dennison (Dennison/attorney), indictment, judgment and sentence of conviction. Dennison pled nolo contendere to making false statements to a federally insured financial institution. The statements were made during the course of a closure on property located in Colorado. Dennison acted as a straw person for purchase of the property. He was not acting in his capacity as an attorney when the statements were made. Dennison was fined $5,000.00 and placed on federal probation for five years. Final discipline was deferred until the appeal time expired.

2. The Bar Association filed a motion to impose final discipline on May 27, 1993. The motion contained information indicating that the appeal time in *United States v. Dennison*, CR–91–20–S, had expired. Pursuant to 5 O.S.1991 Ch. 1, App. 1–A Rule 7.4, the respondent was given 20 days from the date of the order

to show cause why a final order of discipline should not be entered. The respondent requested a hearing which was conducted before the panel on November 12, 1993. Extensive testimony was elicited in mitigation of the attorney's discipline. Members of the judiciary testified that they would not hesitate to trust in Dennison's veracity were he to appear before them. Former clients testified that they believed that Dennison could be a productive advocate and that they would hire him for representation were he reinstated. Evidence was presented indicating that, during the time Dennison was a practicing attorney, he did essentially *pro bono* work for elderly and economically disadvantaged clients. Dennison testified that he had not practiced law during his suspension. He did indicate that at the time of the closing he was involved in the heavy use of alcohol but that the abuse had ceased. Although the Bar Association cross examined all witnesses, it did not present any independent testimony controverting the evidence in mitigation.

3. On December 2, 1993, the trial panel filed its report and recommendation for discipline. It found that Dennison had complied with all conditions of his suspension. Rule 9, 5 O.S.1991, Rules Governing Disciplinary Proceedings. The panel also expressed a belief that Dennison had talents which would be beneficial to the Bar Association and to clients. It recommended that Dennison remain under suspension through January 1, 1995. See, *State of Oklahoma ex rel. Oklahoma Bar Ass'n v. Willis,* 64 O.B.J. 40 (Oct. 26, 1993), [863 P.2d 1211] (Okla. 1993). As a condition of reinstatement, the panel recommended that Dennison present the Office of the General Counsel with an affidavit showing that during his suspension:

a) Dennison did not engage in the unauthorized practice of law.

b) Dennison did not violate the terms of his federal probation.

c) Dennison kept current on the practice of law meeting all continuing legal education requirements.

d) Dennison provide the Bar Association with an affidavit from a member of the Lawyers Helping Lawyers Committee indicating his sobriety.

Dennison requests that the Court accept the panel's recommendation of discipline. However, the Bar Association recommends that Dennison's suspension run concurrent with the five year suspended sentence imposed in the criminal conviction. Acceptance of this recommendation would result in Dennison's suspension through April 22, 1997.

4. Dennison's plea of nolo contendere to the federal offense of making a false statement to a federally insured financial institution demonstrates his unfitness to practice law. Rule 7, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

5. Dennison has provided twenty years of service to the legal profession without a prior complaint. Testimony before the panel indicates that upon the end of his suspension that he will be able to continue that service. The Bar Association called no witnesses to indicate that Dennison's dealings in his capacity as an attorney were anything other than ethical. No testimony was presented indicating that Dennison has practiced law during the course of his suspension.

6. The recommendation of the trial panel is hereby adopted. The Respondent is currently under interim suspension. Rule 7.3, Rules of Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. Respondent is hereby suspended until January 1, 1995. As a condition of his reinstatement, Dennison shall provide the Bar Association with an affidavit showing that: a) he has not engaged in the unauthorized practice of law while under suspension; b) he has not violated the terms of his federal probation; and c) he has met all continuing legal education requirements. Dennison shall also provide the Bar Association with an affidavit from a member of the Lawyers

Helping Lawyers Committee indicating his sobriety during suspension.

7. Because Dennison's suspension will have extended in excess of two years, reinstatement is not automatic. He must meet the requirements of Rule 11, Rules of Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A. In reinstatement proceedings, the applicant seeking readmission is required to present stronger proof of qualifications than a person seeking admission in the first instance. Rule 11.4, Rules of Disciplinary Proceedings, 5 O.S.1991, CH. 1, App. 1–A; *Matter of Reinstatement of Katz,* 847 P.2d 1385–86 (Okla.1992).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the respondent's suspension from the practice of law which began May 19, 1992, shall continue until January 1, 1995. As a condition of reinstatement, the respondent shall provide the Bar Association with an affidavit showing that: a) he has not engaged in the unauthorized practice of law while under suspension; b) he has not violated the terms of his federal probation; and c) he has met all continuing legal education requirements. The respondent shall also provide the Bar Association with an affidavit from a member of the Lawyers Helping Lawyers Committee indicating his sobriety during suspension.

LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ. concur.

SIMMS, Justice, with whom HODGES, C.J., and OPALA and WATT, JJ. join, dissenting.

I would suspend the respondent until the expiration of his federal probation in 1997.