STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

F. Dale CRABTREE, Respondent.

SCBD No. 3869.
OBAD No. 1087.

Supreme Court of Oklahoma.

Nov. 7, 1995.

Janis Hubbard, Oklahoma Bar Association, Oklahoma City, for Complainant.

F. Dale Crabtree, El Reno, Pro se.

HARGRAVE, Justice.

The Respondent, F. Dale Crabtree, is before us on the Oklahoma Bar Association's request for imposition of final discipline in OBAD # 1087, SCBD # 3869. The proceeding arises from Respondent's criminal convictions in federal district court, which have become final. The Respondent received an interim suspension from the practice of law on November 16, 1992. The Oklahoma Bar Association filed Application to Impose Final Disposition on July 7, 1995. On September 18, 1995, this Court entered an Order pursuant to Rule 7.4, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, requiring Respondent to show cause why a final order of discipline disbarring him from the practice of law should not be made. The Respondent and the Oklahoma Bar Association were given thirty (30) days to respond; the order specifically provided that failure of Respondent to respond would result in his disbarment. The Oklahoma Bar Association filed a brief on October 17, 1995. The Respondent did not respond.

The Respondent was found guilty in the federal district court for the western district of Oklahoma on September 24, 1992, on four counts of a fourteen count indictment: two counts of bankruptcy fraud, one count of aid and abet, and one count of money laundering. Respondent was committed to the custody of the Bureau of Prisons to be imprisoned for sixty-five months. Respondent appealed his conviction to the Tenth Circuit Court of Appeals and the conviction was affirmed on appeal. *United States of America v. F. Dale Crabtree,* 7 F.3d 1045 (10th Cir.1993). The conviction is final.

Rule 7.1, Rules Governing Disciplinary Proceedings, provides that:

"A lawyer who has been convicted in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."

Rule 7.2 provides for transmittal of certified copies of the indictment or information and judgment and sentence of conviction to the Chief Justice, and provides that:

"... Such documents, whether from this jurisdiction or any other jurisdiction, shall constitute the charge and be conclusive evidence of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."

Rule 7.5 provides that if the judgment of conviction is affirmed on appeal, procedure set forth in Rules 7.4 applies. Rule 7.4 provides that:

"... the Court shall order the lawyer ... to show cause in writing why a final order of discipline should not be made. The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the discipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline."

This Court's Order entered pursuant to Rule 7.4 set out the Respondent's conviction and found that Respondent's conviction demonstrates his unfitness to practice law. The Respondent's conviction is final. Respondent has not responded to the Order.

The brief of the Oklahoma Bar Association recommends that appropriate discipline for Respondent's conviction is disbarment, citing *State ex rel. Oklahoma Bar Association v. Hornung,* 813 P.2d 1041 (Okla.1991) and *State ex rel. Oklahoma Bar Association v. Hobbs,* 848 P.2d 551 (Okla.1993). This Court

does not go behind the offense for which the attorney is convicted; that issue has been resolved. *See, State ex rel. Oklahoma Bar Association v. Simms,* 590 P.2d 184, 185 (Okla.1978).

█ We have considered the documents before us showing Respondent's conviction. No further evidence is necessary. *State of Oklahoma, ex rel. Oklahoma Bar Association v. Armstrong,* 791 P.2d 815 (Okla.1990). We must accept the judgment and sentence of conviction in this matter as conclusive evidence that the Respondent committed bankruptcy fraud, aided and abetted in such fraud and was guilty of money laundering. *State ex rel. Oklahoma Bar Association v. Crabtree,* 848 P.2d 552, 554 (Okla.1993). Conviction of the aforesaid felonies demonstrates that Respondent has acted contrary to the prescribed standards of conduct and his acts have brought discredit upon the legal profession and demonstrate his unfitness to practice law. The conviction constitutes grounds for disciplinary action and we find that the appropriate discipline is disbarment. We order the disbarment to be effective from the date the respondent received his interim suspension on November 16, 1992.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE RESPONDENT, F. DALE CRABTREE, BE DISBARRED AND HIS NAME STRICKEN FROM THE ROLL OF ATTORNEYS

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SUMMERS and WATT, JJ., concur.

SIMMS, J., concurs in part and dissents in part.—I dissent to that portion of the opinion which makes the date of disbarment retroactive.

OPALA, J., not participating.