**In the Matter of the REINSTATEMENT OF Gene P. DENNISON**

**To Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD 4052.**

Supreme Court of Oklahoma.

Feb. 20, 1996.

61

James C. Linger, Tulsa, for Gene P. Dennison.

Mike Speegle, Oklahoma Bar Association, Oklahoma City, for Oklahoma Bar Association.

SUMMERS, Judge.

Petitioner Gene P. Dennison was previously suspended from the practice of law for his pleas of *nolo contendere* to two counts of making a false statement to a federally insured financial institution in violation of federal law. On May 19, 1992 an order of interim suspension was issued. After a hearing the trial panel recommended that he remain suspended, and not be permitted to seek reinstatement until January 1, 1995.

This Court adopted the recommendation of the trial panel. *State ex rel. Okla. Bar Ass'n v. Dennison*, 872 P.2d 403 (Okla.1994).

On February 1, 1995 Petitioner filed this petition for reinstatement. After a hearing the trial panel recommended that he be reinstated. In a reinstatement proceeding the petitioner seeking reinstatement must meet the requirements of Rule 11, Rules of Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A. He must also present stronger proof of qualifications than a person first seeking admission to the bar. Rule 11.4, Rules of Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A. Furthermore, the petitioner must present clear and convincing evidence of the factors set forth in *Matter of Reinstatement of Kamins*, 752 P.2d 1125, 1130 (Okla.1988):

> (1) the present moral fitness of the petitioner, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of petitioner's rehabilitation, (4) seriousness of the original misconduct, (5) conduct subsequent to discipline and (6) the time which has elapsed since the original discipline. See 70 A.L.R. 268. Additional factors include (1) the petitioner's character, maturity, and experience at the time of disbarment and (2) the petitioner's present competence in legal skills.

We thereafter review the evidence de novo. *Matter of Reinstatement of Bradley*, 897 P.2d 243 (Okla.1993).

The facts were that Petitioner, acting not as an attorney but as a negotiator, negotiated a real estate deal for several friends. For this he was paid $25,000.00. At the closing of the deal he bought the land and immediately sold it to his friends. Apparently he signed two documents, in the presence of the buyers and the financial institution's agents, which were conflicting. One document stated that there was no down payment, and the other stated that there was. He testified that he signed the documents without reading them. When the FDIC took over the bank this transaction was scrutinized, and the conflicting documents became the basis for the federal charges against Petitioner.

The first time the case went to trial, it was dismissed by the Federal Judge. The second time it came up, the case was dismissed by the prosecution. By the time it was refiled for a third time Petitioner was financially and emotionally exhausted, and agreed to enter pleas of *nolo contendere*. He received a five year probation and a $5000.00 fine.

Petitioner testified that what he did was wrong and stupid. He regrets having signed the documents without reading them, and stated that if he had read them he would have pointed out the inconsistencies. Petitioner also stated he regrets the taint these events have placed on his home town of Skiatook and on his profession. Although he was not acting as an attorney in the transaction, local media reports revealed that he was an attorney. He is remorseful for the harm this caused his reputation and the reputation of the profession.

Judge David Winslow was unable to attend the hearing, but both parties agreed to admit his affidavit. The affidavit stated that Judge Winslow had known Petitioner since 1970, and that Winslow considered him a top-notch attorney. Winslow based his comments on his observations of Petitioner in the courtroom and what he heard from other attorneys. He stated that "I would trust Gene Dennison with every asset I have. I have no reservations about Gene Dennison whatsoever."

Judge Tom Crewson testified that he had known petitioner for over twenty years and that he knew the Petitioner to be a very competent lawyer who served his community well. He stated that he knew of Petitioner's active involvement in church and with children. He considered him to be an ethical person, and that the events leading to his suspension were an aberration in an otherwise exemplary professional career.

A friend and former client testified that during the course of the events leading to Petitioner's discipline Petitioner was forthright and honest, recommending that the client hire a different attorney to avoid any adverse attention. The client testified that he would not hesitate to hire Petitioner again.

His legal secretary testified that Petitioner would always work with clients on their bills, and that he was known as an attorney who was not "money hungry." She stated Petitioner did not charge large fees for his legal work, and the people of Skiatook missed his services greatly. She said Petitioner was an active participant in the community, being involved in church, with young people, and with a community theater. One witness said he would try and work out a marriage rather than just do the divorce, and that he has "one of the biggest hearts."

The evidence also showed that Petitioner kept current with Oklahoma Law by taking 54 hours of continuing legal education. He confessed that he had a problem with alcohol. According to the affidavit of John Moody, Petitioner attended four Alcoholics Anonymous per week and worked with Lawyers helping Lawyers.

His probation for the federal pleas will continue until April 22, 1997. Documents submitted in the hearing show that he has complied with the requirements of probation up to this point, and that he is a highly successful participant. In a letter from his probation officer, the officer stated that he "would have no reservation in recommending that the Oklahoma Bar Association consider this request [reinstatement] with favor."

The Bar Association presented no evidence in contradiction to that of Petitioner. When asked by the trial panel as to a recommendation, assistant general counsel stated that the Bar had no doubt that Petitioner would eventually be readmitted, but urged that he not be readmitted until his federal probation had been completed.

We first turn to the reinstatement requirements under Rule 11.5. We find, by clear and convincing evidence, that the Petitioner possesses good moral character. Every witness, including two respected judges, testified as to the high moral character of Petitioner. We also find that Petitioner did not engage in the unauthorized practice of law during the term of his suspension. We further find that he has maintained his competency in the law, as evidenced by his numerous hours of CLE and by the testimony of several witnesses.

The next consideration by this Court is whether the factors set forth in *Kamins* support his reinstatement. Having already discussed the present moral fitness and his competence in the law, we look to the demonstrated consciousness of the wrongful conduct. He stated that he should not have signed the documents, and that it was wrong to do so. He stated that he is sorry for the taint this caused his profession and his community.

As for the extent of his rehabilitation, petitioner has successfully completed all but fourteen months of his probation. He is sober. He regularly attends Alcoholics Anonymous, and has worked with Lawyers Helping Lawyers. He continues his community and church work. Both judges testified that they believe this conduct was an aberration in an otherwise exemplary career.

The seriousness of the original misconduct is clear. Petitioner pled *nolo contendere* to two counts of making a false statement to a financial institution. Although his part in the incident was minor, he admittedly signed false documents. However, his conduct since these events has been above reproach. Since his suspension he has continued helping his community. He has gotten his personal life in order. He had never been disciplined before in his twenty-year career.

Lastly, we consider the Bar's request that he not be reinstated until his federal probation is completed. We addressed this question in *State ex rel. Okla. Bar Ass'n v. Dennison*, 872 P.2d 403 (Okla.1994), and determined that he could seek reinstatement before the completion of the probationary period. We also set forth express requirements that he must meet before he may be reinstated: (1) affidavits showing that he has not practiced law during his suspension, that he did not violate the terms of his probation, and that he remained sober and active with Lawyers Helping Lawyers, (2) strong evidence as to his proof of qualifications, and (3) the other requirements under Rule 11. We find that petitioner has met all these requirements, and should be reinstated.

The Petitioner for Reinstatement of Gene Dennison is hereby granted. On application of the Oklahoma Bar Association costs are assessed against Petitioner in the amount of $578.03. The costs are to be paid within 90 days of the date this opinion becomes final.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER and HARGRAVE, JJ., concur.

OPALA, Judge, with whom HODGES, SIMMS and WATT, JJ., join, dissenting.

I would direct that respondent's reinstatement coincide with his release from federal-court probation.