STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

David D. BRUNSON, Respondent.

SCBD No. 3979.
OBAD No. 1146.

Supreme Court of Oklahoma.

March 5, 1996.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

David D. Brunson, Seagoville, Texas, Pro se.

HARGRAVE, Justice.

The Respondent, David D. Brunson, is before us for imposition of final discipline in OBAD # 1146, SCBD # 3979. The proceeding arises from Respondent's criminal convictions in federal court, which have become final. The Respondent received from this Court an interim suspension from the practice of law on March 15, 1994.

The Respondent was convicted of fifty-one (51) counts in the United States District Court for the Western District of Oklahoma in Case No. CR–93–129–T, to wit: One count of fraud by wire in violation of 18 U.S.C. § 1343; twenty-two counts of laundering of money instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i); twenty-seven counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and one count

of criminal forfeiture, in violation of 18 U.S.C. § 982(a)(1).

The Respondent was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 210 months, and for supervised release for a term of three years following his release from imprisonment. The Tenth Circuit affirmed, except as to the sentence enhancement provisions and the ordering of restitution, which were reversed and remanded. *United States v. Brunson*, 54 F.3d 673 (10th Cir.1995). The Tenth Circuit denied rehearing on June 23, 1995.

The Oklahoma Bar Association filed an application to impose final discipline on July 7, 1995, notifying the Court that the criminal conviction had been resolved. On September 19, 1995, Respondent filed a petition for writ of certiorari with the United States Supreme Court in his criminal case, cause no. 95–6043. On October 2, 1995, we ordered the Respondent to show cause, pursuant to Rule 7.4, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, why final discipline should not be imposed ordering his disbarment from the practice of law. The order specifically provided that failure of Respondent to respond would result in his disbarment. The Respondent and the Oklahoma Bar Association were given thirty (30) days to respond. The Oklahoma Bar Association filed its brief on October 17, 1995. The Respondent has failed to respond.

The Complainant filed herein on February 16, 1996, a copy of notification from the clerk of the Supreme Court that certiorari was denied by the United States Supreme Court on October 30, 1995. *Brunson v. United States*, — U.S. —, 116 S.Ct. 397, 133 L.Ed.2d 317 (1995). The conviction is final.

■ Respondent's conviction demonstrates his unfitness to practice law pursuant to 5 O.S.1991 Ch. 1, App. 1–A, Rule 7, and a final order of discipline should be entered, as provided by Rule 7.4, Rules Governing Disciplinary Proceedings.

Rule 7.1, Rules Governing Disciplinary Proceedings, provides that:

"A lawyer who has been convicted in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."

Rule 7.2 provides for transmittal of certified copies of the indictment or information and judgment and sentence of conviction to the Chief Justice, and provides that:

"... Such documents, whether from this jurisdiction or any other jurisdiction, shall constitute the charge and be conclusive evidence of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules."

Rule 7.5 provides that if the judgment of conviction is affirmed on appeal, procedure set forth in Rule 7.4 applies. Rule 7.4 provides that:

"... the Court shall order the lawyer ... to show cause in writing why a final order of discipline should not be made. The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the discipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline."

Mr. Brunson's conviction is final. Mr. Brunson did not respond to the show-cause order of October 2, 1995, entered pursuant to Rule 7.4.

The brief of the Oklahoma Bar Association recommends that appropriate discipline for Respondent's conviction is disbarment, citing *State ex rel. Oklahoma Bar Association v. Hornung*, 813 P.2d 1041 (Okla.1991), *State ex rel. Okla. Bar Ass'n v. Crabtree*, 848 P.2d 552 (Okla.1993) and *State ex rel. Oklahoma Bar Association v. Hobbs*, 848 P.2d 551 (Okla. 1993), among other cases. This Court does not go behind the offense for which the attorney is convicted; that issue has been resolved. *See, State ex rel. Oklahoma Bar*

*Association v. Simms,* 590 P.2d 184, 185 (Okla.1978).

We have considered the documents before us showing Respondent's conviction. No further evidence is necessary. *State of Oklahoma, ex rel. Oklahoma Bar Association v. Armstrong,* 791 P.2d 815 (Okla.1990). We must accept the judgment and sentence of conviction in this matter as conclusive evidence that the Respondent committed the actions with which he was charged. Respondent's conviction for fraud by wire, laundering money, engaging in monetary transactions in property derived from specified unlawful activity and criminal forfeiture, demonstrates that Respondent has acted contrary to the prescribed standards of conduct and his acts have brought discredit upon the legal profession and demonstrate his unfitness to practice law.

The conviction constitutes grounds for disciplinary action and we find that the appropriate discipline is disbarment. We order the disbarment to be effective from the date that this opinion becomes final.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE RESPONDENT, DAVID D. BRUNSON, BE DISBARRED AND HIS NAME STRICKEN FROM THE ROLL OF ATTORNEYS.**

All Justices concur.