2001 OK 70

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Noel Ancil WYATT, Respondent.**

**No. SCBD–4600.**

Supreme Court of Oklahoma.

Sept. 11, 2001.

Alan J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, Attorney for the Complainant.

Noel Ancil Wyat, Oklahoma City, OK, Pro Se; and John W. Coyle III, Coyle, McCoy & Burton, Oklahoma City, OK, for the Respondent.

## OPINION

WATT, Vice Chief Justice.

¶ 1 Petitioner, Oklahoma Bar Association, pursuant to Rule 7.2, Rules Governing Disciplinary Proceedings,[1] filed a letter in this court dated September 27, 2000 enclosing certified copies of an information, judgment, and sentence of the crime of manslaughter in the first degree against Respondent, Noel Ancil Wyatt. Wyatt was a member in good standing of the Oklahoma Bar Association. By order dated January 16, 2001, we suspended Wyatt from the practice of law in the State of Oklahoma. We also called for a brief from Wyatt under the authority of Rule 7.4, Rules Governing Disciplinary Proceedings,[2] to show cause why this Court should

1. Rule 7.2, Rules Governing Disciplinary Proceedings, provides:

   The clerk of any court within this State in which a lawyer is convicted shall transmit certified copies of the indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents may also be furnished to the Chief Justice by the General Counsel. Such documents, whether from this jurisdiction or any other juris-

diction, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules.

2. Rule 7.4, Rules Governing Disciplinary Proceedings, provides:

   If the conviction becomes final without appeal, the General Counsel of the Oklahoma Bar Association shall inform the Chief Justice and the Court shall order the lawyer, within such time as

not impose a final order of discipline as a result of Wyatt's conviction. We gave the Oklahoma Bar Association leave to respond to Wyatt's brief.

¶2 Wyatt moved that the matter be remanded to the Professional Responsibility Tribunal, which motion the Bar resisted. On March 14, 2001 we entered an order remanding the matter for hearing. Following the hearing, the trial panel recommended that Wyatt be disbarred and ordered to pay the costs of the proceedings.

¶3 Wyatt was convicted of the crime of manslaughter in the first degree on July 10, 2000 in the District Court of Grady County and was sentenced to twenty years imprisonment, with ten years suspended. Wyatt's conviction and imprisonment arose out of an automobile accident that occurred on May 14, 1999. Wyatt, while driving under the influence of alcohol, crossed the center line of the road and struck an oncoming truck driven by Roy Lowe. Mr. Lowe died as the result of the collision. Wyatt is currently incarcerated in the Lawton Correctional Facility, Lawton, Oklahoma.

¶4 It is undisputed that Wyatt had no record of Bar disciplinary problems before this incident and is evidently well thought of by his law partners and his clients. On the other hand, Wyatt had an earlier drunk driving conviction in 1990 that led to the suspension of his driver's license and the imposition of a one-year deferred sentence. Wyatt resists the Bar's claim that he should be disbarred and suggests that a suspension of two-years and one day would be appropriate discipline.

## DISCUSSION

¶5 Wyatt argues that this matter is distinguishable from our opinions in which we disbarred lawyers because of felony convictions involving intentional conduct that showed a lack of moral integrity. Wyatt cites as examples, *State ex rel. Oklahoma Bar Association v. Flanery, 1993 OK 97, 863 P.2d 1146* (embezzlement of family funds while in law school); *State ex rel. Oklahoma Bar Association v. Hobbs, 1993 OK 7, 848 P.2d 551* (bank fraud, embezzlement, and money laundering); and *State ex rel. Oklahoma Bar Association v. Crabtree, 1995 OK 123, 907 P.2d 1045* (bankruptcy fraud, abetting bankruptcy fraud, and money laundering).

¶6 The Bar relies on *State ex rel. Oklahoma Bar Association v. Seelye, 1971 OK 133, 490 P.2d 1095*, in which the respondent was disbarred following conviction of the intentional criminal act of assault and battery. The Bar argues that Wyatt's conduct was similarly violent but Wyatt resists this comparison. Wyatt argues that because Wyatt did not intend to harm anyone when he chose to drive while he was impaired, *Seelye* does not apply. While Wyatt has a point, this distinction does not convince us that any discipline less than disbarment would be appropriate here.

¶7 It is undisputed that (1) Wyatt was convicted of manslaughter in the first degree because (2) his drunk driving lead to an accident that took the life of another and (3) he was sentenced to twenty years in the penitentiary. We hold that these undisputed facts lead to the inescapable conclusion that Wyatt must be disbarred from the practice of law. The record made before the trial panel demonstrates that Wyatt is remorseful and is doing everything he can to straighten our his drinking problem and his life. Nevertheless, a man is dead because of Wyatt's irresponsibility. Wyatt's rehabilitation may appropriately be considered if he applies for reinstatement after he has paid his debt to society but not now.

¶8 We have, on occasion, chosen discipline less severe than disbarment in cases where the issue of discipline arose from a felony conviction. See, for example, *State ex rel. Oklahoma Bar Association v. Dennison,*

the Court shall fix in the order, to show cause in writing why a final order of discipline should not be made. The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the discipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting his recommendation of discipline.

*1994 OK 33, 872 P.2d 403* (conviction for making false statements to financial institution lead to suspension) and *State ex rel. Oklahoma Bar Association v. Livshee, 1994 OK 12, 870 P.2d 770* (conviction for failure to file tax return lead to suspension for four months). But the conduct that lead to the respondents' convictions in *Dennison* and *Livshee* did not cause the catastrophic consequences that Wyatt's misconduct caused: the taking of an innocent life.

¶ 9 We are obliged in Bar discipline matters to take such actions as will preserve the confidence and trust of the public in the legal profession. "Mitigating factors will rarely override the requirement of disbarment." *1982 OK 39* ¶ 23, *642 P.2d 262,* 268. The consequences of Wyatt's irresponsibility were disastrous; this, coupled with the fact that he had a prior drunk driving conviction leave us with no alternative but to order his disbarment. We would be remiss in our duty to preserve public trust and confidence in the legal profession if we imposed any discipline less that disbarment here.

¶ 10 We hold that the appropriate discipline for Wyatt's conviction is disbarment. It is the order of the Court that Wyatt's disbarment is to be effective from the date of his suspension from the practice of law, January 16, 2001. Wyatt is further ordered to pay the costs of the proceeding in the amount of $429.15.

¶ 11 RESPONDENT DISBARRED AND ORDERED TO PAY COSTS OF THE PROCEEDING

¶ 12 **ALL JUSTICES CONCUR.**