2011 OK 35

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

George David GORDON, Jr., Respondent.

No. SCBD–5702.

Supreme Court of Oklahoma.

May 3, 2011.

Gina Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for the Complainant.

George David Gordon, Jr., Texarkana, Texas, Pro se.

WINCHESTER, J.

¶ 1 Complainant, the Oklahoma Bar Association (OBA) notified the Chief Justice by letter November 15, 2010 that Respondent, George David Gordon, Jr. had been convicted May 3, 2010. As stated in the United States District Court judgment, respondent was convicted on one count of violating 18 U.S.C. § 371 (conspiracy), ten counts of violating 18 U.S.C. § 1343 & 2(a) (aiding and abetting wire fraud), five counts of violating 15 U.S.C. § 78j(b), 78ff & 17 C.F.R. § 240.10b–5; 18 U.S.C. 2(a) (aiding and abetting securities fraud), five counts of violating 18 U.S.C. §§ 1957(a) & 2(a) (aiding and abetting money laundering), one count violating 18 U.S.C. § 1001 (making false statements) and one count violating 18 U.S.C. § 1512(c)(2) (obstruction of justice). On October 29, 2010, the Respondent was sentenced to 188 months in prison and ordered to pay restitution in the amount of $6,150,136.79.

¶ 2 The indictment indicates Respondent was engaged in a scheme to artificially manipulate the price and volume of particular stocks for personal financial benefit.

¶ 3 Rule 7.1 of the Rules Governing Disciplinary Proceedings states "A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."

¶ 4 The certified copies of the indictment, judgment and sentence constitute the charge, are conclusive evidence of the commission of the crime upon which the judgment and sentence are based, and "suffice as the basis for discipline in accordance with these rules," Rule 7.2 RGDP. Pursuant to Rule 7.4 of the RGDP,

¶ 5 In *State ex rel. Oklahoma Bar Association v. Brunson,* 912 P.2d 876, 1996 OK 32, Brunson was also convicted in federal court on multiple counts of wire fraud and money laundering. This Court determined the appropriate discipline in that case was disbarment.

¶ 6 Respondent's conviction for conspiracy, wire fraud, securities fraud, money laundering, false statements and obstruction of justice demonstrate that Respondent has acted contrary to the prescribed standards of conduct and his acts have brought discredit upon the legal profession, demonstrating his unfitness to practice law. Accordingly, we find the appropriate discipline to be disbarment,

effective from the date this opinion becomes final.

**RESPONDENT DISBARRED AND HIS NAME STRICKEN FROM THE ROLL OF ATTORNEYS.**

ALL JUSTICES CONCUR.