STATE of Oklahoma ex rel. OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

Barry R. SIMMS, Respondent.

S.C.B.D. No. 2599.

Supreme Court of Oklahoma.

Dec. 5, 1978.

W. E. Boswell, Jr., Gen. Counsel, Oklaho-
ma Bar Ass'n, Oklahoma City, for complain-
ant.

James W. Bill Berry, Oklahoma City, for
respondent.

LAVENDER, Vice Chief Justice:

Barry Simms, a member of the Oklahoma
Bar Association, through a plea of nolo
contendere was found guilty and convicted
of violating Title 26, U.S.C., Section 7206(1)
in making and subscribing certain of his
individual tax returns. Oklahoma Bar As-
sociation furnished documents, consisting of
the indictment and judgment of conviction,
to the Chief Justice of the Supreme Court.
Rules-Bar Association, Art. 10, § 4(b), 5
O.S.A., c. 1, Appendix 1.

The Bar Association and Simms were or-
dered to brief on the issue of the violation
being an offense involving moral turpitude.
Under date of April 3, 1978, this court, by
order, determined violation of § 7206(1) is
per se an offense involving moral turpitude
and suspended the member from the prac-
tice of law until final determination as to
any discipline. There, we said:

"The United States District Court judg-
ment determines Simms was guilty of *will-
fully* making and subscribing individual tax
returns, made under the penalties of perju-
ry, which Simms *believed* were not true.

Section 7206(1) reads as follows:

'Any person who—

(1) Declaration under penalties of per-
jury.—Willfully makes and subscribes
any return, statement, or other docu-
ment, which contains or is verified by a
written declaration that it is made under

the penalties of perjury, and which he does not believe to be true and correct as to every material matter;'

Though finding a non-willful offense involved in *State ex rel. Oklahoma Bar Ass'n v. Jones,* Okl., 566 P.2d 130 (1977), we said the elements of intent and knowledge were important in the concept behind the phrase 'moral turpitude.' Again, in *Oklahoma Bar Association v. Houts,* Okl., 420 P.2d 498 (1966), the suggestion that moral turpitude was involved came from willfully and knowingly attempting to evade income taxes.

Here, the violation of § 7206(1) itself requires those same elements of willful intent and the knowledge or belief that the returns were not true. This then is a crime of moral turpitude.

The cases principally relied upon by Simms are distinguished, for the violations were of a nature that might or might not involve moral turpitude depending on the circumstances, such as failure to file a return or violations of § 145(b), 1939 I.R.C. (similar to present § 7702). These are not the offenses for which Simms was found guilty.

Violation of § 7206(1) is per se an offense involving moral turpitude * * *."

Simms complied with the order of suspension and waived his right to contest through a "show cause" proceeding. Simms did seek and was allowed a hearing for the taking of oral evidence on the issue as to the degree of discipline.

This court designated its Referee, James Giles, as the hearing officer. That officer was directed to require a transcript of the evidence to accompany the Referee's report in writing on filing with this court. That report and transcript have been filed. Both Simms and the Bar Association waived additional briefing.

The Referee's report showed some twenty odd letters, indicating Simms to be a man of high moral character, were introduced into evidence. Two business men testified as to engaging Simms for legal services, of their satisfaction, and their willingness to again use his professional services if he were allowed to practice. The Bar offered no evidence at the hearing. The report concluded the circumstance of the prohibited act done by Simms was not persuasive toward imposition of arduous sanction.

Much of the evidence at the hearing relates to circumstances surrounding the crime and what was Simms's intent and reasons for entering a plea of nolo contendere to the charge. Pursuant to Article 10, § 4(b), Rules-Bar Association, the documents establish whether the offense is one involving moral turpitude (*State ex rel. OBA v. Jones, supra*) and the conviction of the offense establishes, conclusively, the respondent's guilt sufficient as the basis for imposition of discipline. We cannot go back of the offense to determine if, in fact, the attorney was actually guilty of it. That issue has been resolved.

■ We may consider, however, in determining the degree of discipline to be imposed, the circumstances surrounding the offense together with evidence of respondent's previous good character. Here Simms asserts that he relied on his tax accountant to truthfully and accurately prepare his tax returns. These and other facts were apparently considered by the sentencing judge when he imposed a suspended sentence of three years and placed the respondent on probation for that period together with a fine of $5,000.

■ We reaffirm our previous holding that Barry Simms was convicted of a crime involving moral turpitude and pursuant to Article 10, § 4(b) Rules-Oklahoma Bar Association, Title 5, Ch. 1, App. 1 O.S.1977 Supp. is subject to discipline as a member of the Oklahoma Bar Association.

After carefully reviewing the record of evidence adduced before the referee, including the circumstances surrounding the offense; many people's belief in Simms's good moral character, past and present; prior clients' satisfaction with his professional services and their expressed willingness to re-hire him; and considering further, Simms's unquestioned compliance with this

court's April 3, 1978, order of temporary suspension from the practice of law and the fact that he only received a suspended sentence for the offense, and the report of the Referee, it is the order of this court that respondent, Barry Simms, be suspended from the practice of law until August 15, 1980.

DISCIPLINE IMPOSED; SUSPENSION ORDERED.

All of the Justices concur.

WILLIAMS and BERRY, JJ., certified their disqualification. The Honorable RICHARD E. ROMANG and the Honorable LESTER A. REYNOLDS were appointed to serve in their stead.