STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

John O. HORNUNG, a/k/a John O.
Green, Respondent.

Nos. SCBD 3355, SCBD 3678.

Supreme Court of Oklahoma.

June 18, 1991.

Dan Murdock, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

John O. Green, pro se.

SUMMERS, Justice.

The respondent, John O. Hornung, a/k/a John O. Green, is presently before the court in two disciplinary proceedings, SCBD 3355 and SCBD 3678. These proceedings arise due to the respondent's criminal convictions in two different federal district courts.[1] The respondent received an interim suspension from the practice of law in SCBD 3355. We consolidate the two proceedings for the purpose of a single opinion resolving both controversies.[2] We order the respondent disbarred from the practice of law and order removal of his name from the roll of attorneys of this State.

Respondent was convicted in the United States District Court for the Western District of Oklahoma of one count of conspiring to defraud the United States by concealing taxable income in violation of 18 U.S.C. § 371. He was sentenced on July 26, 1986 to a term of imprisonment of five years.[3] The conviction was appealed and then affirmed by the United States Court of Appeals for the Tenth Circuit. *United States v. Hornung*, 848 F.2d 1040 (10th Cir.1988). The respondent then petitioned the United States Supreme Court for a writ of certiorari, and that court denied the request. *Green v. United States*, 489 U.S.

---

1. SCBD 3355 arises from a conviction in the United States District Court for the Western District of Oklahoma and SCBD 3678 arises from a conviction in the United States District Court for the Southern District of Mississippi.

2. *See, State ex rel. Oklahoma Bar Association v. Moss*, 794 P.2d 403, 405 (Okla.1990).

3. In August of 1986 the respondent was suspended from the practice of law in this state by order of this court in proceeding SCBD 3355. This order of suspension was an interim suspension because the conviction was not final. *See, State ex rel. Oklahoma Bar Association v. Armstrong*, 791 P.2d 815, 816 n. 3 (Okla.1990) and the explanation of interim suspensions on the basis of criminal convictions.

1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989). The conviction is final.

In December of 1986 the respondent appeared in the United States District Court for the Southern District of Mississippi and pled guilty to one count of interstate travel to promote, manage, establish, carry on and facilitate an unlawful business enterprise involving cocaine. This conviction resulted in disciplinary proceeding SCBD 3678. It was affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Green,* 882 F.2d 999 (5th Cir.1989). This conviction is also final.

We issued an order calling for the respondent to show cause why a final order of discipline should not be made in SCBD 3355 and SCBD 3678.[4] The respondent filed a response and requested a hearing on the matter. He also submitted arguments as to why discipline should not be entered and copies of evidentiary materials in support of his claims. He further requested relief in the form of access to his files retained by his former attorney.

We then issued a show cause order concerning the respondent's degree of access to the materials retained by his former attorney, and the nature of the evidence the respondent desired to submit at a hearing, if such was provided. The response included argument and affidavits in support of the respondent's claim that discipline should not be imposed. The response shows that the respondent's parole period terminated on March 11, 1991, and that he has had time to examine materials retained by his former attorney. We find that the respondent has submitted to the court legal arguments in support of his position, together with affidavits, exhibits, and documentation in support thereof. The Bar Association has submitted no factual materials in opposition thereto. In light of the finality of the two convictions, each of which on its face demonstrates unfitness to practice law, and the absence of any material controverted facts, there is no necessity for a hearing.[5] We now address the respondent's arguments.

The respondent argues that both convictions are tainted and that he has filed motions to vacate both convictions in the respective federal courts. In essence, the respondent argues that he was not guilty of the offenses. In *State ex rel. Oklahoma Bar Association v. Simms,* 590 P.2d 184 (Okla.1978) we said that: "We cannot go back of the offense to determine if, in fact, the attorney was actually guilty of it. That issue has been resolved." *Id.* 590 P.2d at 185. The respondent's arguments attacking the correctness of the convictions are not proper for this court's inquiry into attorney discipline.

The respondent next argues that laches should bar discipline by this court. We impose final discipline after a conviction becomes *final.* The respondent is well aware of this rule, as he resisted a motion by the Bar to impose final discipline in 1989.[6] We note that the conviction in the Southern District of Mississippi was affirmed by the United States Court of Appeals for the Fifth Circuit in October of 1989. Show cause orders in both disciplinary proceedings were issued in May of 1990 and the respondent resisted making such a showing at that time until he had had an opportunity to view materials possessed by his former attorney. The respondent has now had time for access to such materials, and he may not use delay occasioned by his own appeals and request for information as a bar to imposing discipline against him.

The respondent argues that he has successfully completed his incarceration and has rehabilitated. He submits evidence of his completion of parole, a recommendation from the Federal Coordinator of a half-way

---

**4.** *See,* Rules 7.4 and 7.5 of the Rule Governing Disciplinary Proceedings, 5 O.S.1981 Ch. 1, App. 1–A.

**5.** *See, Mott v. Carlson,* 786 P.2d 1247, 1251 (Okla.1990) and the discussion of the lack of necessity for a hearing when a litigant is grant-

ed an opportunity to submit facts by other means and no material facts are controverted.

**6.** Respondent's letter filed March 6, 1989 in SCBD 3355 requested withdrawal of Bar's motion for imposition of final discipline because of his pending petition for certiorari.

house, four affidavits from Texas lawyers stating that he has "excellent" research and writing skills, is "morally fit to practice law," and "is legally competent to practice law," and two affidavits from friends in Oklahoma, one a former legislator and one a retired minister.

We have considered the materials submitted by the respondent and find that the appropriate discipline for the convictions of these offenses is disbarment. We order the disbarment to be effective from the date the respondent received his interim suspension in SCBD 3355, August 22, 1986.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT THE RESPONDENT, JOHN O. HORNUNG, aka JOHN O. GREEN be disbarred and his name stricken from the roll of attorneys.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and ALMA WILSON, JJ., concur.