OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JORDAN

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JORDAN
2024 OK 61
Case Number: SCBD-7504
Decided: 09/10/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 61, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
COURTNEY RAE JORDAN, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
PURSUANT TO RULE 7, RULES
GOVERNING DISCIPLINARY PROCEEDINGS

¶0 Respondent pled guilty to the felony crime of Eluding Police Officers in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, and 21 O.S. § 540 (A) and (B). The Court issued an order of interim suspension in a professional disciplinary action filed under Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S. 2021, ch. 1, app. 1A. The Court referred this matter to the Professional Responsibility Tribunal (PRT) for a hearing. This matter is before us for final discipline. The PRT and Bar Association recommend a suspension for time equal to Respondent's criminal one-year probation term. We hold the record supports a finding that the appropriate discipline is a one-year suspension with credit for time served under the interim suspension.

RESPONDENT SUSPENDED FOR ONE YEAR
WITH CREDIT FOR TIME SERVED UNDER THE
INTERIM SUSPENSION; INTERIM SUSPENSION
LIFTED; COSTS IMPOSED.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, for Complainant.

Dan Murdock, Oklahoma City, Oklahoma, for Respondent.

Edmondson, Justice.

¶1 Courtney Rae Jordan, Respondent, was arrested, charged, and pled guilty to willfully attempting to elude a police officer while driving a motor vehicle after receiving a red light and siren from a peace officer in an official vehicle, in violation of 18 U.S.C. §§ 1151, 1152, and 13; and 12 O.S. § 540A(a) and (b) - Eluding Police Officers in Indian Country.[1] On May 18, 2023, Respondent was sentenced to a probation term of one year.[2] The Oklahoma Bar Association (Bar) instituted this Rule 7 proceeding on June 13, 2023. We entered an Order of Immediate Interim Suspension on June 19, 2023. Following a hearing before the Trial Panel, both the Bar and the Trial Panel recommended that Respondent be suspended for a period equal to her probation term which expired May 18, 2024. The record before us supports this recommended discipline.

FACTS AND PROCEDURAL HISTORY 

¶2 The Bar initiated proceedings pursuant to Rule 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A,[3] by filing with this Court a Notice of Judgment and Sentence and attached certified copies of the Indictment, Petition to Enter Plea of Guilty and Order Entering Plea, Plea Agreement Pursuant to Federal Rule of Criminal Procedure 11 (c)1(C), Judgment in a Criminal Case, Probation sentenced to a term of One Year, Standard Conditions of Probation, Special Conditions of Probation, Criminal Monetary Penalties, Schedule of Payments. This Rule 7 matter is before the Court for the imposition of final discipline. Respondent has been under an order of interim suspension since June 19, 2023, for more than a year.[4] A hearing was conducted on April 1, 2024; the Trial Panel Report was issued May 9, 2024.

¶3 On July 12, 2022, the police received multiple calls regarding Respondent that included a larceny from one home, erratic driving through a business warehouse in an industrial park, striking one pedestrian, with a continued police pursuit through a busy Wal-Mart parking lot and ultimately a high-speed chase involving 15 police officers. The police were in their official vehicles using the red sirens and lights to direct Respondent to stop. Respondent did not voluntarily stop. This pursuit ended when multiple officers used their vehicles to block Respondent and cause her to crash into their vehicles which terminated the chase. Respondent was taken into police custody and transported to the hospital for evaluation and treatment. She was treated and released. It is undisputed there was no evidence of any substance use by Respondent associated with this event. After medical clearance, she was transported to the local jail where she was booked and remained for two days. She was taken to a local hospital and examined, treated and released. The lab tests conducted did not reveal any alcohol or illicit drugs in her system. There were seven different collision case numbers associated with these events. There were also numerous individuals injured and there was associated property damage.

¶4 The federal Grand Jury issued three charges.[5] Count One charged Jordan, an Indian driver of a motor vehicle with willfully attempting to elude a police officer and endangering another person after receiving a red light and siren from the officer's vehicle, in violation of 18 U.S.C. §§ 1151, 1152, and 13; and 21 O.S. § 540A (a) and (b); Count Two charged Jordan with willfully and maliciously failing to stop her vehicle after causing an accident and failing to show her license, security verification and to render reasonable assistance to any person injured, in violation of 18 U.S.C. §§ 1151, 1152, and 13; and 47 O.S. §10-102; and Count Three charged Jordan with carrying away, with intent to steal, personal property of a non-Indian, by stealing a vehicle component and the property taken was less than $1,000, in violation of 18 U.S., §§ 1151, 1152, and 661.

¶5 Respondent entered a plea of guilty to only Count One in the federal indictment. The remaining charges were dismissed. In Respondent's written Plea of Guilty to Count One of the Indictment, she admitted to "knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count One" and she submitted the following sworn statement:

I, Courtney Rae Jordan, admit that on July 12, 2022, I was operating a motor vehicle in Broken Arrow, Oklahoma in the Northern District of Oklahoma. Police Officers with the Broken Arrow Police Department attempted to stop the vehicle I was driving by signaling me with emergency lights and sirens. I attempted to elude these police officers by increasing the speed of the vehicle and driving in a reckless manner. While I attempted to elude the officers, multiple people were endangered, including other drivers, pedestrians, and the police officers. This occurred on the Muscogee (Creek) Nation Reservation, and I am an enrolled member of the Cherokee Nation.[6]

Respondent was sentenced to a probation term of one year; the judgment was imposed on Mary 18, 2023.[7] Respondent was ordered to pay the following criminal monetary penalties: Assessment- $100, Restitution - $22.56, and a Fine - $1,000.00.

¶6 Several days before Respondent's erratic behavior, she had an unexplained loss of consciousness where she fell at home and was found unconscious and bleeding from the head. Respondent was also experiencing unusual smells and tastes, she was unable to think and process for her work as a government attorney, and even failed to show up for work. Later she was diagnosed with a medical condition, temporal lobe epilepsy. The record reflects this condition is now controlled with medication management. The Trial Panel noted that neither the Respondent nor the Bar put on expert testimony that would explain Respondent's conduct on July 12. The Panel relied on medical reports submitted by Respondent from two medical providers, but they concluded there was not a strong nexus connecting Respondent's behavior to a clear medical issue. We disagree. The medical reports from Respondent's treating neurologist provide a strong nexus as discussed below.

¶7 The Trial Panel noted that Respondent had an "unblemished record of achievement" prior to the events of July 12, 2022.[8] Respondent volunteered for Teach America program for two years after completing undergraduate studies. She then attended law school and became a licensed Oklahoma attorney in 2013. Following licensure, Respondent worked for two years with a respected Oklahoma City firm and held positions with the Cherokee Nation, an Assistant United States Attorney, and in April 2022 began working as an Assistant Solicitor General and a Tribal Liaison for the office of the Oklahoma Attorney General. In 2021 she was the recipient of the Executive Office for United States Attorneys Director's Award for Superior Service in Indian County.[9] In addition, Respondent held a position as an adjunct professor at a respected Oklahoma law school.

¶8 After being released from custody in July 2022 Respondent was evaluated in the emergency room for ongoing symptoms and was diagnosed with post-concussion syndrome from her earlier fall and head injury occurring days before the July 12 incident. Respondent stayed with her father after being released from custody. He was concerned by Respondent's ongoing deteriorating condition. Because Respondent needed more supportive care, she sought treatment from an in-patient treatment center for trauma and received treatment for conditions that were not causal to the July 12 incident. The in-patient treatment team realized Respondent had untreated and undiagnosed neurological issues that required additional evaluation by a neurologist and neuropsychologist. Respondent was evaluated by both. The neuropsychologist recognized there was a neurocognitive deficit but was unable to discern the underlying cause. The neurologist conducted a series of tests which demonstrated abnormal brain waves and diagnosed Respondent with bilateral temporal lobe seizures. This type of seizure can cause sensory disturbances such as disruptions in taste and smell, as well as mental confusion and erratic behavior. She was then placed on medication for treating seizures and her symptoms improved and her odd behavior resolved. On July 6, 2023, almost one year after the police incident, and after Respondent had entered into her criminal plea agreement, her treating neurologist definitively stated that while he did not believe the actual seizures induced a psychosis or altered state, "repetitive seizures can cause changes in behavior that can result in erratic and agitated episodes, which I believe led to her accident and paranoid behavior."[10] The neurologist went on to note that since starting medication treatment to control her seizures, she has had no further episodes. Respondent also sought treatment for unrelated conditions, that included regular appointments with a licensed counselor.[11] All medical professionals agreed that Respondent is fully capable of resuming her work as an attorney. She has been working at a law firm as a paralegal where her lawyer employer described her as the best researcher. Respondent has not represented she is an attorney while working as a paralegal.

¶9 The Trial Panel concluded that Respondent engaged in reckless and dangerous behavior as reflected in the facts and ultimate plea. The behaviors associated with the events of July 12, 2022, have not returned since Respondent began a medical management regimen for her seizure condition. There were no prior incidents of concern to the Bar and none since this incident. The evidence supports the finding that Respondent is physically and mentally prepared to re-enter the legal profession. This matter was fully briefed and ready for final discipline on July 3, 2024.

ANALYSIS

¶10 This Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline lawyers and to regulate the practice of law to safeguard the interests of the public, the judiciary, and the legal profession. State ex rel. Oklahoma Bar Ass'n v. Shofner, 2002 OK 84, ¶ 5, 60 P.3d 1024, 1027. We exercise de novo review with respect to every aspect of a disciplinary inquiry. State ex rel. Oklahoma Bar Ass'n v. Cooley, 2013 OK 42, ¶ 4, 304 P.3d 453, 454. The professional discipline imposed is based upon the respondent's conduct, any prior history of respondent's professional misconduct, and the discipline imposed upon other lawyers for similar acts of misconduct. State ex rel. Oklahoma Bar Ass'n v. Wright, 2023 OK 1, ¶ 13, 523 P.3d 1106, 1109, citing State ex rel. Oklahoma Bar Ass'n v. Smith, 2016 OK 19, ¶ 36, 368 P.3d 810, 818.

¶11 The facts of this disciplinary matter are undisputed. Although Respondent does not have a clear memory of the events of July 12, she has watched the video tapes and does not deny her actions and her plea agreement reflects her admission. The Bar agrees that Respondent suffered some physical and/or mental incident causing the events of July 12 which endangered the lives of citizens. All parties agree that following Respondent's arrest, she was diagnosed with a seizure disorder and a head injury which, in the opinion of her neurologist, "led to her accident and paranoid behavior."[12] The Trial Panel and both parties also agreed that the evidence reflects that Respondent's health conditions are currently managed, and she has no impairment that would affect her fulfilling her professional duties as an attorney. These conclusions are supported by the evidence.

¶12 The Trial Panel, and both parties agree that Respondent's criminal plea constituted a violation of Rule 8.4 (b) of the Oklahoma Rules of Professional Conduct (ORCP) and further that her actions are grounds for discipline under Rule 1.3 of the Rules Governing Disciplinary Proceedings. Both parties agree with the Trial Panel's recommendation that Respondent be suspended for a period equal to her probation term which expired May 18, 2024, and that Respondent be directed to pay the costs associated with this proceeding within the time specified by this Court. The evidence before us supports this disciplinary recommendation.

¶13 Although the Trial Panel's recommendations are advisory, they are accorded great weight. OBA v. McMillian, 1989 OK 16, ¶ 5, 770 P.2d 892, 894. The goal of lawyer disciplinary matters is not to punish the lawyer, but rather to "safeguard the interest of the public, the courts and the legal profession." OBA v. Albert, 2007 OK 31, ¶ 11, 163 P.3d 527, 532-533; OBA v. Burns, 2006 OK 75, ¶ 25, 145 P.3d 1088, 1094. We also inquire into the continued fitness of the lawyer to practice law, and in addition the instillation of confidence in the profession by the public. Burns, Id. Respondent reasoned that the evidence demonstrates that Respondent has done everything necessary to insure each of these interests are protected and for reinstatement of her license to practice law. We agree.

¶14 A lawyer may be disciplined for "professional misconduct" as defined in the Rules of Professional Conduct.[13] It is considered "misconduct" when a lawyer commits "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."[14] Although Respondent pled guilty, we also consider as mitigating evidence that the federal court imposed a misdemeanor sentence of 1 year probation, $1,000 fine, and restitution of $25.06.

¶15 The Bar noted that Respondent's crime, conviction, and sentence were widely reported by local, state, and national media outlets by print, television, and internet stories. Respondent was identified as an Oklahoma attorney employed with the Oklahoma Attorney General's office. The Bar described her actions as reckless, dangerous, and harmed the image of the profession. Respondent admitted to driving in a reckless manner, and that her actions were willful and intentional. The Trial Panel, and all parties agree on the term of Respondent's discipline. We are faced with a lawyer with an excellent professional record prior to this July 12 event. The evidence demonstrates that these events were precipitated by an undiagnosed seizure condition. This condition was not diagnosed or treated until after Respondent's arrest and is now under control and managed. The evidence supports the recommended discipline and furthers this Court's aim in protecting the public and promotes confidence in the public.

¶16 The Bar filed an Application to Assess Costs, seeking the following: Certified mail - $19.13, Certified Court Records - $60.00, Court Reporter Expenses - $142.45, Witness Fee - $10.00, Professional Responsibility Tribunal Expense - $128.64, for total request of $1,642.22. The Bar's request for costs is granted in the amount of One Thousand Six Hundred Forty-Two and Twenty-Two Cents ($1,642.22). The Respondent shall pay all costs within ninety days from the date this Opinion is adopted. We hereby order that Respondent's discipline is for one year to be concurrent with Respondent's one-year probation term which expired May 18, 2024, and with credit for time served under the interim suspension. Respondent's Interim Suspension is lifted, and Respondent is ordered to pay costs as directed.

RESPONDENT SUSPENDED FOR ONE YEAR
WITH CREDIT FOR TIME SERVED UNDER THE
INTERIM SUSPENSION; INTERIM SUSPENSION
LIFTED; COSTS IMPOSED.

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Kuehn, JJ., Concur.

Darby, J. not voting.

FOOTNOTES

[1] U.S. v. Courtney Rae Jordan, No. 22-CR-00255-GKF, U.S. District Ct, N. Dist. of Okla., Plea Agreement Pursuant to FRCP 11 (c)(1)(C), 5-3-23.

[2] U.S. v. Courtney Rae Jordan, No. 22-CR-00255-GKF, U.S. District Ct, N. Dist. of Okla., Judgment in a Criminal Case, 5-19-23.

[3] The official statutes of Oklahoma can be found at https://govt.westlaw.com/okjc.

[4] SCBD 7504, OBA v. Jordan, Order of Immediate Interim Suspension.

[5] Respondent was initially charged in the United States District Court for the Northern District of Oklahoma, Case No. 22CR255GKF, U.S. v. Courtney Rae Jordan.

[6] SCBD 7504, OBA v. Jordan, Notice of Conviction, Ex. 2.

[7] U.S. v. Jordan, CR-00255-001-GKF, U.S.D.C., Northern Dist. of Okla., Judgment in a Criminal Case.

[8] Trial Panel Report, SCBD #7504, OBA v. Jordan, 5-9-24.

[9] While working as an Assistant United States Attorney, notable cases included, U.S. v. Jimcy McGirt.

[10] SCBD 7504, OBA v. Jordan, Respondent's Hearing Ex. #5, 7-6-23, note of Jorge Gonzalez, MD.

[11] Respondent's exhibits that consist of medical records have been filed under seal as privileged and confidential pursuant to 43 A 2021, § 1-109 and Sup. Ct. R. 1.4 (b) (6) allowing for such records to be filed under seal.

[12] SCBD 7504, OBA v. Jordan, Respondent's Hearing Ex. #5, 7-6-23, note of Jorge Gonzalez, MD.

[13] Rules of Prof. Conduct, Rule 8.4 Misconduct

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice....

[14] Id.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 16, 770 P.2d 892, 
State ex rel. Oklahoma Bar Ass'n v. McMillian
Discussed

 
2002 OK 84, 60 P.3d 1024, 
STATE ex. rel. OKLAHOMA BAR ASS'N v. SHOFNER
Discussed

 
2006 OK 75, 145 P.3d 1088, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BURNS
Discussed

 
2007 OK 31, 163 P.3d 527, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ALBERT
Discussed

 
2013 OK 42, 304 P.3d 453, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed

 
2016 OK 19, 368 P.3d 810, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SMITH
Discussed

 
2023 OK 1, 523 P.3d 1106, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WRIGHT
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 540, 
Obstruction of Public Officer - Recording the Activity of an Officer in a Public Area
Cited

 
21 O.S. 540A, 
Eluding Peace Officer
Cited

Title 47. Motor Vehicles

 
Cite
Name
Level

 
47 O.S. 10-102, 
Accidents Resulting in Nonfatal Injury - Failure to Stop
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA