OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DYER

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DYER
2024 OK 72
Case Number: SCBD-7680
Decided: 10/08/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 72, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
BLAINE MICHAEL DYER, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 The Respondent, after a guilty plea, was convicted of violating 18 U.S. C. § 371 (conspiracy). The charge involved conspiracy to commit honest services wire fraud related to his misuse of insider information of his client Continental Resources, Inc. He is currently serving a 60-month sentence. The Complainant filed the required Notice of Criminal Conviction with this Court and we ordered the interim suspension of the Respondent's license to practice law. The Respondent, although notified of these disciplinary proceedings, has not requested a hearing or otherwise responded to these proceedings. The Complainant requested the Respondent be disbarred. We hold the appropriate discipline is disbarment.

RESPONDENT DISBARRED FROM THE DATE OF HIS INTERIM
SUSPENSION; HIS NAME SHALL REMAIN STRICKEN FROM THE 
ROLL OF ATTORNEYS; NO COSTS ASSESSED

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

COMBS, J.:

III. FACTS AND PROCEDURAL HISTORY

¶1 The Respondent, Blaine Michael Dyer, (Respondent) was admitted to the Oklahoma Bar Association (OBA) on September 22, 2009. His membership in the OBA was suspended for non-payment of 2023 OBA membership dues in June 2023 (SCBD 7491, 2023 OK 65). Also in June 2023, his name was stricken from the Roll of Attorneys for failure to comply with the Rules for Mandatory Continuing Legal Education for the year 2021 (SCBD 7260, 2023 OK 67). The Complainant, State of Oklahoma ex rel., OBA, initiated summary disciplinary proceedings pursuant to Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2021, ch. 1, app. 1-A. On June 5, 2024, and pursuant to Rules 7.1[1] and 7.2[2], RGDP, the OBA notified this Court of the Respondent's criminal conviction in United States of America v. Blaine Dyer, CR-22-209-001-JD, in the United States District Court for the Western District of Oklahoma. The attached Superseding Information and Judgment In A Criminal Case, show he pled guilty to a Class D felony, "conspiracy to commit honest services wire fraud," in violation of 18 U.S.C. § 371.[3] According to the Superseding Information, the criminal activity occurred from December 2013 through June 2020. He entered into a plea agreement on February 17, 2023, and was sentenced to imprisonment for a term of sixty months on May 31, 2024. He surrendered to the Federal Bureau of Prisons on July 1, 2024.

¶2 The OBA mailed the Notice of Criminal Conviction to the Respondent on June 5, 2024, at his official roster address. It was returned "Return to Sender." This Court issued an Order of Immediate Interim Suspension on June 24, 2024. The Order gave the respondent no later than July 10, 2024 to contest the interim suspension and until August 12, 2024, to show cause why a final order of discipline should not be made. On July 22, 2024, the OBA mailed all pleadings and orders to the Respondent at his federal prison address which was received on July 30, 2024. The Respondent has failed to file a response in this matter to either challenge the interim suspension, to explain his conduct, or to mitigate the discipline to be imposed nor has he requested a hearing. Further, he has filed no request for additional time to file any such response.

¶3 On August 27, 2024, the OBA filed its recommendation of discipline. It submits that Respondent's crime, guilty plea, and current incarceration demonstrates his unfitness to practice law and the appropriate discipline is disbarment.

II. ANALYSIS

¶4 In Bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. State of Oklahoma ex rel. Okla. Bar Ass'n v. Holden, 1995 OK 25, ¶ 10, 895 P.2d 707, 711. Our goals in disciplinary proceedings are to protect the interests of the public and to preserve the integrity of the courts and the legal profession, not to punish the offending lawyers. State of Oklahoma ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31, ¶ 15, 212 P.3d 1186, 1192. In a Rule 7 summary disciplinary proceeding, generally the central concern is to inquire into the lawyer's continued fitness to practice and determine what discipline should be imposed. State ex rel. Okla. Bar Ass'n v. Drummond, 2017 OK 24, ¶ 19, 393 P.3d 207, 214; State ex rel. Okla. Bar Ass'n v. Hastings, 2017 OK 43, ¶ 17, 395 P.3d 552, 557. The judgment and sentence of conviction shall be conclusive evidence of the conviction of the crime upon which it is based. State ex rel. Oklahoma Bar Ass'n v. Shofner, 2002 OK 84, ¶7, 60 P.3d 1024, 1028. The range of permissible inquiry stands confined to issues germane to mitigation or severity of discipline to be visited upon the offending attorney. State ex rel. Okla. Bar Ass'n v. Livshee, 1994 OK 12, ¶2, 870 P.2d 770, 772. To administer discipline evenhandedly, the Court considers prior decisions involving similar misconduct, but "the extent of discipline must be decided on a case-by-case basis because each situation will usually involve different transgressions and different mitigating circumstances." State ex rel. Okla. Bar Ass'n v. Wilcox, 2014 OK 1, ¶ 48, 318 P.3d 1114, 1128.

¶5 According to the Superseding Information, the Respondent was hired by a senior landman employed by Continental Resources, Inc. (Continental) to perform oil and gas title work for Continental. The Respondent along with the landman and several others conspired to make copies of Continental's confidential drilling and leasing plans in exchange for kickback payments to the landman. The information included maps, drilling schedules, and other information detailing what leaseholds Continental planned to acquire and how much Continental was willing to pay for them. With this information, the coconspirators were able to negotiate directly with land and mineral owners to acquire the leases that Continental planned to acquire. Through numerous entities created to avoid detection, the coconspirators purchased and leased the minerals of interest and then re-sold and re-leased those minerals to Continental and other oil and gas companies. The coconspirators exchanged hundreds of text messages detailing their plans to exploit --- and their exploitation of --- Continental's confidential information. In addition to re-selling and re-leasing land and minerals to Continental, the coconspirators maintained Overriding Royalty Interests in the leases they acquired with the insider information. The coconspirators also obtained various bank accounts and wired money between them in furtherance of their scheme. The Superseding Information determined these overt acts violated 18 U.S.C. § 371. In the Respondent's Plea Agreement, entered contemporaneously with the Superseding Information, he agreed to plead guilty to violating 18 U.S.C. § 371. The Judgment In A Criminal Case adjudicated him guilty of violating only this section of law. The earlier indictments were dismissed.

¶6 The two basic issues addressed in a summary disciplinary proceeding are: 1) does the conviction demonstrate the lawyer's unfitness to practice law, and if so, 2) what is the appropriate discipline to be imposed. State ex rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42, ¶2, 304 P.3d 453, 454. The judgment and sentence of conviction is conclusive evidence of the conviction of the crime upon which it is based. Rule 7.2, RGDP. Discipline is required when the crime demonstrates a lawyer's unfitness to practice law. Rule 7.1, RGDP. Rule 8.4 of the Oklahoma Rules of Professional Conduct, (ORPC), 5 O.S. 2021, ch. 1, app. 3-A provides:

It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

Comment 2 of this rule identifies conduct that shows unfitness to practice law. It provides:

[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, ncomer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

¶7 We have previously held that a conviction for violating 18 U.S.C. § 371 demonstrates a lawyer's unfitness to practice law. State ex rel. Oklahoma Bar Ass'n v. Shofner, 2002 OK 84, ¶1, ¶7, 60 P.3d 1024, 1026, 1027-28 (holding a conviction for fraudulent concealment of assets of a bankruptcy client in violation 18 U.S.C. § 371 was a crime on its face demonstrating unfitness to practice law); State ex rel. Okla. Bar Ass'n v. Hornung, 1991 OK 56, ¶2, ¶5, 813 P.2d 1041, 1041-42 (holding a conviction for concealing ncomee in violation 18 U.S.C. § 371 was a crime on its face demonstrating unfitness to practice law). Although Hornung was also convicted of one count of interstate travel to promote, manage, establish, carry on and facilitate an unlawful business enterprise involving cocaine, we held that both of the convictions were for crimes that demonstrated his unfitness to practice law. Here, the Respondent over many years conspired to misuse insider information of his client's business for his personal gain. There is no question his conspiracy involved the type of dishonesty, fraud, and deceit which on its face demonstrates his unfitness to practice law. As we noted in Shofner, such conduct at the very least demonstrates a violation of Rule 8.4, ORPC. Shofner, ¶7, 60 P.3d at 1028.

¶8 Next, we must determine what discipline is appropriate. In both, Shofner and Hornung, we held that the appropriate discipline for these offenses was disbarment. The OBA recommends disbarment. The Respondent has made no effort to participate in these proceedings or provide any mitigating circumstances. In Shofner, we noted that this Court has, on occasion, administered discipline less than disbarment when an attorney has been convicted of a crime involving dishonest conduct. Shofner, ¶11, 60 P.3d at 1029; citing State ex rel. Oklahoma Bar Ass'n v. Dennison, 1994 OK 33, 872 P.2d 403 (31 month suspension after conviction for making false statements to federally insured financial institution); State ex rel. Oklahoma Bar Ass'n v. Willis, 1993 OK 138, 863 P.2d 1211 (15 month suspension after conviction of felony charge of obtaining controlled drugs by misrepresentation); State ex rel. Oklahoma Bar Ass'n. v. Simms, 1978 OK 153, 590 P.2d 184 (20--24 month suspension after conviction for willfully making and subscribing individual tax returns believing same to not be true). However, we found that none of these cited cases "involve[d] convictions intimately tied to the respondents' [sic] role as attorney" and Shofner's conviction involved active fraud and deception on behalf of his client. Shofner, ¶11, 60 P.3d at 1029.

¶9 The Respondent's crime was intimately tied to his role as an attorney. He was hired to perform oil and gas title work for Continental and used this relationship to conspire with an employee of the client to defraud the client. The only distinction between this matter and Shofner is that the Respondent was engaged in fraud at his client's expense rather than in furtherance of his client's interest. If anything, it arguably compels an even stronger discipline than that in Shofner if it were possible; disbarment being the strongest discipline. In addition to his conviction, the Respondent's suspension for failure to pay his 2023 bar dues, his name being stricken from the Roll of Attorneys for his failure to comply with his 2021 Mandatory Continuing Legal Education requirements, and his failure to respond to these disciplinary proceedings, combine to adversely reflect on his fitness as a lawyer. We hold that disbarment is the discipline that will best serve the welfare of the public and the integrity of the bar.

¶10 The OBA has not filed an Application to Assess Costs in this matter and therefore, none is awarded.

III. CONCLUSION

¶11 The Respondent, Blaine Michael Dyer, is hereby disbarred from the date of his interim suspension, June 24, 2024. His name has been previously stricken from the Roll of Attorneys and shall continue to be so. No costs have been assessed.

RESPONDENT DISBARRED FROM THE DATE OF HIS INTERIM
SUSPENSION; HIS NAME SHALL REMAIN STRICKEN FROM THE 
ROLL OF ATTORNEYS; NO COSTS ASSESSED

ALL JUSTICES CONCUR

FOOTNOTES

[1] Rule 7.1, RGDP:

A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

[2] Rule 7.2, RGDP:

The clerk of any court within this State in which a lawyer is convicted or as to whom proceedings are deferred shall transmit certified copies of the Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents shall also be furnished to the Chief Justice by the General Counsel within five (5) days of receiving such documents. Such documents, whether from this jurisdiction or any other jurisdiction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules.

[3] 18 U.S.C. § 371, provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1991 OK 56, 813 P.2d 1041, 62 OBJ 1951, 
State ex rel. Oklahoma Bar Ass'n v. Hornung
Discussed

 
1993 OK 138, 863 P.2d 1211, 64 OBJ 3290, 
State ex rel. Oklahoma Bar Ass'n v. Willis
Discussed

 
1994 OK 12, 870 P.2d 770, 
State ex rel. Oklahoma Bar Assn. v. Livshee
Discussed

 
1994 OK 33, 872 P.2d 403, 65 OBJ 1190, 
State ex rel. Oklahoma Bar Assn. v. Dennison
Discussed

 
1995 OK 25, 895 P.2d 707, 66 OBJ 1108, 
State ex rel. Oklahoma Bar Assn. v. Holden
Discussed

 
2002 OK 84, 60 P.3d 1024, 
STATE ex. rel. OKLAHOMA BAR ASS'N v. SHOFNER
Discussed at Length

 
2009 OK 31, 212 P.3d 1186, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KINSEY
Discussed

 
2013 OK 42, 304 P.3d 453, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed

 
2014 OK 1, 318 P.3d 1114, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOX
Discussed

 
1978 OK 153, 590 P.2d 184, 
STATE EX REL. OKL. BAR ASS'N v. SIMMS
Discussed

 
2017 OK 24, 393 P.3d 207, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DRUMMOND
Discussed

 
2017 OK 43, 395 P.3d 552, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HASTINGS
Discussed

 
2023 OK 67, 
IN THE MATTER OF STRIKING OF NAMES OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATION
Cited

 
2023 OK 65, 
IN THE MATTER OF THE SUSPENSION OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATION
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA